Welch, J.
We fail to see any error in this record, to-the prejudice of the accused.
*373 The statute (72 Ohio L. 4) makes it the duty of the clerk to 'issue an alias venire facias, when it appears from the sheriff’s return that any of the jurors named are “ absent from the county.” The return of “ not found,” as to the eight unsummoned jurors, was equivalent to a return that they were “ absent from the county,” and was sufficient authority •for the clerk to issue the alias venire. The court, therefore, did not err in refusing to set the alias venire aside.
The charge of the court, that malice is to be intended from the fact of killing, and that circumstances of justification or extenuation, not disclosed by the evidence adduced against him, are to be made out by the accused, is in our ■opinion unexceptionable, and the well-settled law of such ■cases.
The charge asked by counsel for the accused, to the effect that an intentional killing upon a sudden quarrel, and without malice, is manslaughter, was substantially given by the court, though not in the form in which it was asked; at ■least there is nothing in the chai-ge of the court, so far as ■set out by the record, in conflict with the charge asked. Besides, this charge may have been properly refused by the ■court, on the ground that it was an abstract proposition, there being no evidence in the case, so far as we can know, tending to show any sudden quarrel.
The other charges excepted to relate to the defense or effect of drunkenness. In so far as they apply to the crime of murder in the first degree, it is perhaps needless to inquire whether they are correct or not, as the defendant was .acquitted of that crime. As applicable to the crime of murder in the second degree, we understand the charge of the court simply to amount to this: that drunkenness, not amounting to insanity, is of little weight in such a ease, unless it exists to an extent which shows that the accused was at the time incapable of forming a purpose, or that he dii not intend the act he did; or unless it caused or was connected with a sudden quarrel, so as to make the act manslaughter. At least, the charge is susceptible of this meaning, and in the absence of the other parts of the charge, *374 we are bound to suppose that it was understood in that sense by tbe jury. Understood in that sense, we see no objection to tbe charge. It is substantially what was held in Nichols v. The State, 8 Ohio St. 435.

Motion overruled.

McIlvaine, C.J., White and Rex, JJ., concurred; Gilmore, J., dissented. •